**Edward KARPINSKI, Petitioner**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 14, 2011.

Decided Feb. 22, 2011.

Edward Karpinski, pro se.

Dale T. Jenkins, Assistant Counsel, Allen C. Warshaw, Chief Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, LEAVITT, Judge, and KELLEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

Edward Karpinski (Petitioner) appeals *pro se* from an order of the Department of Public Welfare (DPW) denying him cash benefits under the Low Income Home Energy Assistance Program (LIHEAP) because his gross income exceeded the annual income limit for the 2009–2010 LIHEAP program year and finding that Petitioner was not prejudiced by LIHEAP's failure to timely decide whether Petitioner was eligible for the program because he ultimately lost on the merits of his appeal.

Petitioner alleges the following facts, the truth of which the DPW has not contested unless noted. Petitioner is an elderly disabled man who received LIHEAP benefits for each of the four years preceding the 2009–2010 LIHEAP program year. Each year he received the LIHEAP application in early October and immediately sent it back. The 2009–2010 LIHEAP program year was no different. Around October 4, 2009, Petitioner received the LIHEAP application, and he filled it out and mailed it the same day. (The DPW did dispute that Petitioner filed a LIHEAP application in October.) When he had not heard back by November 4, he went to the Delaware County Assistance Office (Office) and filled out another application. (The DPW claimed this was done on November 13.) The rest of the year passed with no word from the DPW concerning the application.

Meanwhile, Petitioner, who uses oil to heat his home, ran low on oil and was no longer able to heat his home. He called the Office on January 4, 2010, stating that he had no heat or oil. Later that same day, he visited the Office to get information on his application and was told there had been no decision yet. Petitioner again called the Office on January 6 and January 8, 2010, again stating that he had no oil to heat his home. The temperature during this time was consistently in the 20s, and Petitioner suffered health problems from the lack of heat in his home. He did not have enough oil because he expected to receive LIHEAP assistance as he had the previous four years and had not counted on LIHEAP taking so long to process his application.

Finally, on January 15, 2010, the DPW issued its decision. It denied his application determining that Petitioner's income exceeded the annual income limit for the 2009–2010 LIHEAP program year.[1] Notably, the January 15, 2010 decision was issued more than two months after the DPW claimed Petitioner applied for LIHEAP benefits and more than three months after Petitioner claimed he applied. Under either scenario, the DPW did not issue a decision within 30 days. The LIHEAP regulation found at 55 Pa.Code § 601.22, provides:

The LIHEAP administering agency *will send* the applicant a written notice of the decision on eligibility *within 30 days* after receiving a completed application.

Before the official starting date of each year's program, the [DPW] will mail LIHEAP application forms to households that received LIHEAP cash benefits

---

1. Petitioner's income, which consisted entirely of social security retirement and disability insurance, was $19,374, above the LIHEAP maximum annual income of $16,245 for a one-person household.

during the previous year. Households that complete and return these mailed application forms to the LIHEAP administering agency before the program has officially begun *will receive* a written notice of a decision on eligibility *no later than 30 days* after the official starting date of the program.

(Emphasis added.) [2]

Petitioner appealed the determination to the DPW's Bureau of Hearings and Appeals. He did not contest that his income was above the LIHEAP maximum but instead argued that the delay in informing him of this prejudiced him and violated the DPW's regulations. Petitioner's appeal was denied. The Administrative Law Judge (ALJ) held that because the DPW determined that Petitioner's income was not low enough to be eligible for LIHEAP, the DPW's failure to abide by its 30-day timeframe was "irrelevant." Petitioner again appealed, and the Final Administrative Action Order affirmed the ALJ's decision. Petitioner then appealed to this Court.[3]

On appeal, Petitioner again contends that the DPW was required to issue a decision within 30 days, its failure to do so prejudiced him in the ways described above, and that he is entitled to interim assistance for the period between his application and the January 15, 2010 determination. Petitioner also argued that because the hearing before the ALJ did not

occur until after the LIHEAP program had ended for the year, making the hearing a moot issue, he was denied due process.[4]

An examination of the regulations involved shows the procedure to follow when the DPW fails to comply with the 30-day timeframe in Section 601.22. This procedure is largely analogous to the procedure for appeals following a timely denial of a LIHEAP application. Section 601.123, 55 Pa.Code § 601.123, provides:

> (a) An applicant may appeal and receive a fair hearing if the applicant believes a decision on eligibility for LIHEAP benefits is incorrect or unreasonably delayed.
>
> (b) Client rights and procedures for appeals and fair hearings appear in Chapter 275 (relation to appeal and fair hearing and administrative disqualification hearings.)

Combined with the language of Section 601.22, a decision that has not been rendered within the prescribed 30 days is unreasonably delayed and can be considered denied.

Chapter 275 provides a different period of appeal depending on how an application is denied. An applicant whose LIHEAP application is denied has 30 days from the date of the written notice to appeal. 55 Pa.Code § 275.3(b)(1). For clients whose applications have not been answered with-

---

2. There is no evidence concerning the official starting date of the 2009–2010 LIHEAP program, but the DPW does not contend that it was less than 30 days before January 15, 2010, when Petitioner received his notice of non-eligibility.

3. Our scope of review in an appeal of an adjudication of the DPW is limited to determining whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial evidence. Section 704

of the Administrative Agency Law, 2 Pa.C.S. § 704; *Burroughs v. Department of Public Welfare*, 146 Pa.Cmwlth. 509, 606 A.2d 606 (1992).

4. Petitioner also contends that the ALJ did not make independent findings to support her adjudication because she allegedly did not weigh all the evidence. However, as the ALJ found that the timeliness of the DPW's decision was irrelevant as a matter of law, weighing the evidence was not necessary.

in 30 days, 55 Pa.Code § 275.3(b)(3) provides:

When the county office, administering agency or service provider fails to send written notice which was required of the action and of the right of appeal or because of administrative error, ongoing delay or failure to take corrective action, the time limit [for taking an appeal] in paragraphs (2) or (4) will not apply. For a period of 6 months from the date of the action or failure to act, the client shall have the right of appeal and shall exercise that right in writing. After 6 months from the date of the county office, administering agency or service provider action or failure to act, a written appeal may be filed with the agency provided that the client signs an affidavit stating the following. . . .

The regulations provide a 30–day appeal period following denials of LIHEAP applications, a 6–month appeal period without conditions if 30 days passed without a response by the DPW, and an unlimited appeal period with certain conditions if 30 days passed without a response by the DPW.

In any of those circumstances, once an appeal is taken, a final administrative determination must be made within 90 days of the appeal. 55 Pa.Code § 275.4(b)(1). "If the appellant has not received final administrative action within the specified time limits, the appropriate agency will proceed in accordance with subsection (d)." 55 Pa.Code § 275.4(b)(4). Subsection (d), entitled "Interim assistance," provides that "[w]hen final administrative action has not been rendered within the applicable time limit," interim assistance in the form of the assistance the applicant requested in the appeal will be provided until final administrative action is rendered. This interim assistance "will be authorized effective with the first day after the applicable time limit expires."

Once all of the above that is applicable has taken place, if the applicant then prevails on appeal, 55 Pa.Code § 275.4(a)(3)(v)(B)(I) provides:

If the agency which receives the hearing request determines that the decision in question does not accord with Departmental regulations or policies or if new or additional information is introduced which alters the decision, it will take corrective action. If a payment is involved, the corrected payment will be made retroactive to the date the incorrect action was taken as described in § 227.24 (relating to procedures).

Likewise, if on appeal, the agency determines the decision was correct, no remedy is available other than further appeals. Therefore, except for the time limitations on bringing the appeal, Chapter 275 provides the exact same appeal rights to an applicant whose decision has not been acted on within 30 days as to an applicant whose application was denied.

■ Here, the DPW did not respond to Petitioner's application within 30 days, triggering his appeal rights, which Petitioner exercised. The Department did not hear Petitioner's appeal within the required 90 days, but the period in excess of 90 days occurred in late April and early May, when LIHEAP assistance or interim assistance was not available. Because he did not contest that his income was above the maximum threshold for LIHEAP, the ALJ correctly dismissed his appeal. This is the same result that would have occurred had the DPW originally denied his appeal in a timely manner.

■ As for Petitioner's contention that he was denied due process, the United States Supreme Court has held, "We have never held that applicants for benefits, as

distinct from those already receiving them, have a legitimate claim of entitlement protected by the Due Process Clause of the Fifth or Fourteenth Amendment." *Lyng v. Payne,* 476 U.S. 926, 942, 106 S.Ct. 2333, 90 L.Ed.2d 921 (1986). Even though Petitioner had received LIHEAP benefits for the previous four years, because LIHEAP is a program to which applicants must apply anew each year, a denial of assistance does not eliminate a benefit to an applicant who received LIHEAP the previous year, but rather only prospectively denies a benefit for the upcoming year. As such, no due process is required.

For the foregoing reasons, the determination of the DPW is affirmed.

### *ORDER*

AND NOW, this *22nd* day of *February,* 2011, the order of the Department of Public Welfare, dated May 29, 2010, at case number 230605612–001, is affirmed.