## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel E. Lyons,                          :
                         Petitioner       :
                                          :
            v.                            :
                                          :
Department of Human Services,             :    No. 1815 C.D. 2015
                         Respondent       :    Submitted: May 20, 2016


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED: August 25, 2016


Daniel E. Lyons (Lyons) petitions this Court, pro se, for review of the Department of Human Services (DHS), Bureau of Hearings and Appeals' (BHA) August 17, 2015 Final Administrative Action Order (Final Order) affirming the Administrative Law Judge's (ALJ) Order and Adjudication (Decision) denying his appeal. The sole issue presented for this Court's review is whether the BHA erred in discontinuing Lyons' medical assistance (MA).

Lyons is 67 years old, and has a history of colon cancer with residual complications that have rendered him dependent upon daily catheter use and intravenous parenteral nutrition and hydration treatments five days per week for the rest of his life. Lyons has undergone daily intravenous treatments for approximately 15 years, and received MA benefits for approximately 20 years. DHS provides Lyons with MA under its Healthy Horizons program (HH) for low income elderly and disabled persons.

During an annual renewal of Lyons' HH MA benefits, the Allegheny County Assistance Office (CAO) discovered that although Lyons' gross monthly income for the previous year was mistakenly recorded as zero, Lyons' monthly gross Social Security benefit in 2015 was $1,894.00, and his monthly average gross pension from Sears was $427.71. Based on this information, the CAO calculated Lyons' actual gross monthly income, less the $20.00 deduction,[1] as $2,301.71, which exceeded the $981.00 HH MA income limit.[2]

On June 3, 2015, the CAO notified Lyons that, effective June 18, 2015, his MA benefits would be discontinued because his income exceeded the applicable income limit. Lyons appealed to the BHA on June 10, 2015, and the CAO temporarily continued MA benefits pending the BHA's decision. On July 20, 2015, a telephone hearing was held before a BHA ALJ. On August 6, 2015, the ALJ denied Lyons' appeal. On August 17, 2015, the BHA issued its Final Order affirming the ALJ's Decision.[3] Lyons appealed to this Court.[4]

Essentially, Lyons argues that he is eligible for MA benefits pursuant to DHS' Non-Money Payment (NMP) spend-down program[5] based exclusively upon his

---

[1] Section 181.131(b) of DHS' Regulations establishes a $20.00 deduction from the unearned income expenses. *See* 55 Pa. Code § 181.131(b).

[2] The CAO determined that Lyons' gross monthly income was $2,321.71. However, based upon our review of the record, the CAO slightly miscalculated Lyons' monthly pension. Lyons received two annual pensions from Sears, $3,007.97 and $2,148.55 respectively, totaling $5,156.52. Reproduced Record at 23, Ex. C-6. Thus, Lyons received $429.71 per month, not $427.71. Lyons' $1,894.00 Social Security benefits combined with his recalculated Sears' monthly pension benefits of $429.71, less the $20.00 deduction, totaled $2,303.71 per month, not $2,301.71.

[3] On August 24, 2015, Lyons requested reconsideration which DHS denied by September 30, 2015 order. *See* Reproduced Record at 48-49. Lyons' preserved date of appeal was September 8, 2015.

[4] "Our scope of review in an appeal of an adjudication of [DHS] is limited to determining whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial evidence." *Karpinski v. Dep't of Pub. Welfare*, 13 A.3d 1050, 1052 n.3 (Pa. Cmwlth. 2011).

[5] Lyons also argues that he is eligible for MA through an income requirement waiver; however, because the ALJ properly determined that Lyons misunderstood the contents of the HH

2

proven monthly medical expenses. The Human Services Code[6] (Code) is intended, in part, to authorize the furnishing of MA to individuals who are "permanently disabled and unable to work." Section 401 of the Code, 62 P.S. § 401. In determining who is eligible to receive MA, the Code defines who is a medically needy recipient. *See* Section 442.1 of the Code, 62 P.S. § 442.1.[7] DHS' Regulations thereunder set forth the criteria to receive MA benefits. *See* Sections 140.201-140.341 of DHS' Regulations, 55 Pa. Code §§ 140.201-140.341. When an MA benefit recipient is ineligible for HH MA, the CAO is mandated to determine if the recipient is eligible for benefits under another MA category. *See* Section 121.3 of DHS' Regulations, 55 Pa. Code § 121.3; *see also* Reproduced Record (R.R.) at 18.

Pursuant to Chapter 181 of DHS' Regulations, entitled Income Provisions for Categorically Needy NMP-MA, a recipient qualifies for MA under the NMP-MA spend-down if the recipient's medical expenses exceed the recipient's income. Section 181.13 of DHS' Regulations states, in relevant part:

> (a) **Eligibility under NMP-MA spend-down is available to an applicant/recipient** except for an applicant/recipient receiving skilled nursing care or intermediate care.
>
> (b) **The applicant/recipient shall meet the NMP-MA eligibility criteria, including the income criteria, to qualify for NMP-MA spend-down**.
>
> (c) The period of NMP-MA spend-down eligibility begins the day of the calendar month in which eligibility for NMP-MA spend-down is established and continues through the last day of that calendar month.
>
> (d) Income eligibility for NMP-MA spend-down exists when the applicant's/recipient's:

---

letter he claimed was the waiver notification, we will not address this argument. *See* Reproduced Record at 18.

[6] The Act of June 13, 1967 (P.L. 31, No. 21), *as amended,* 62 P.S. §§ 101–1503.

[7] Added by Section 5 of the Act of July 31, 1968, P.L. 904.

(1) Countable net income less $10 is equal to, or less than, the appropriate NMP-MA income limits in Appendix A for the aged, blind and disabled categories not receiving skilled nursing care or intermediate care.

(2) Countable net income less $10 and medical expenses in subsection (e) is equal to, or less than, the appropriate NMP-MA income limits in Appendix A for the aged, blind and disabled categories not receiving skilled nursing care or intermediate care.

. . . .

(e) **Deductible medical expenses** include:

(1) Unpaid medical expenses, **including those reasonably expected to be incurred**, which meet the requirements in this paragraph. The unpaid medical expenses:

(i) Are not subject to payment by a third-party.

(ii) Are not to be paid for under the NMP-MA Program once NMP-MA is authorized.

(iii) Are the legal obligation of the applicant/recipient.

(iv) Have not previously been used as a deduction in the determination of eligibility for a prior authorization of MA.

(2) Paid medical expenses which meet the requirements in this paragraph. The paid medical expenses:

(i) Are paid in the calendar month for which spend-down is requested.

(ii) Have not previously been used as a deduction in the determination of eligibility for a prior authorization of MA.

(f) Medical expenses meeting the requirements in subsection (e) are deducted in the calendar month for which spend-down is requested in the following order:

(1) **Medicare and other health insurance premiums including enrollment fees**, deductibles or coinsurance

4

charges **incurred by** the applicant/**recipient** regardless of whether they are paid or unpaid.

(2) Copayments or deductibles required by [DHS]. An applicant/recipient participating in the Copayment Program required by [DHS] is permitted a medical expense deduction for copayment expenses, subject to the copayment limit established by [DHS].

(3) Expenses incurred—paid and unpaid—by the applicant/recipient for necessary medical and remedial services recognized under State statutes or regulations but not included in the NMP-MA Program.

(4) Expenses incurred—paid and unpaid—by the applicant/recipient for necessary medical and remedial services that are included in the NMP-MA Program.

(g) A monthly review of eligibility for NMP-MA spend-down is required except when the countable net income less $10 is equal to, or less than, the appropriate income limit. A monthly review does not require a reapplication unless:

(1) The monthly review falls in the month that a complete reapplication of eligibility for NMP-MA is due.

(2) Three consecutive months have elapsed since the applicant/recipient requested a determination of eligibility for NMP-MA spend-down.

55 Pa. Code § 181.13 (emphasis added). The NMP-MA income limit consists of the federal Supplemental Security Income rate, plus the payable state supplement (SSI). *See* 55 Pa. Code § 181.1(f)(1). Section 181.131(b) of DHS' Regulations establishes a $20.00 deduction from the unearned income expenses. *See* 55 Pa. Code § 181.131(b). Section 181.13(d)(1) of DHS' Regulations incorporates a $10.00 deduction when determining income eligibility for the NMP-MA spend-down.

Here, the ALJ stated that the 2015 federal monthly SSI rate for one person living in Pennsylvania was $755.10. *See* R.R. at 19. The ALJ determined that Lyons' monthly gross income of $2,321.71, less the $20.00 standard deduction and less the $10.00 spend-down deduction, totaled $2,291.71. *See* R.R. at 20. After the

5

2015 monthly $755.10 SSI rate is subtracted from Lyons' monthly gross income, the ALJ found that Lyons' monthly spend-down obligation was $1,536.60. *See* R.R. at 20. The ALJ concluded that **in order for Lyons to continue to receive MA, he needed to verify medical expenses of that amount each month to qualify for MA for the remainder of the month**. *See* R.R. at 20. Based on Lyons' corrected pension income discussed in footnote 2, Lyons' monthly spend-down obligation is $1,538.61.

> However, rather than making said determination, the ALJ stated:

> The ALJ concludes [Lyons] is ineligible for HH MA because his countable income exceeds the HH MA limit of $ 981.00, and his monthly NMP spend-down obligation is $1,536.60.

> [Lyons] submitted a letter from his physician for the hearing record that explains his health problems and his need for the nutrient fusions he receives five days a week. (Exhibit A -2)

> [**Lyons**] **has verified serious health problems and may have extraordinary medical expenses once MA is discontinued**. The Regulation at [Section 275.4(h),] 55 Pa. Code § 275.4(h), however, states the hearing decision of the ALJ must be based on the regulations established by [DHS] and the ALJ may not make a ruling concerning the validity or the fairness of a regulation, nor may the ALJ modify or invalidate a regulation.

R.R. at 20 (emphasis added).

We must, therefore, determine based on the record whether Lyons verified medical expenses are at least $1,538.61 per month. During the July 20, 2015 hearing, Lyons testified to the costs of medical insurance if he did not have MA, and the daily parenteral nutrition and hydration infusions:

> A. [Lyons] You know, like if I got premiums and paid my bills, for me to be on the platinum plan --- I'd have to get the best plan. It would probably be anywhere from $600[.00] to $900[.00] a month, and they don't cover

infusion services. **TPN [(Total Parenteral Nutrition)[8]] is $325[.00] a day. The other days, I do hydration. That's $125[.00] or $150[.00]**.

Q. [ALJ] Does Medicare help with some of that?

A. . . . In fact, I can't find anything that will cover this except for Medicare and Medicaid together.

R.R. at 44 (emphasis added).

Lyons also submitted his physician Jorge Vazquez, M.D.'s (Dr. Vazquez) July 17, 2015 letter, in which Dr. Vazquez verified Lyons' serious medical conditions and his need for ongoing daily medical treatments for the rest of his life. Dr. Vazquez described:

> [Lyons] has Short Bowl Syndrome with chronic malabsorption and is unable to maintain hydration or normal nutrition eating only by mouth. Despite eating over 3,000 kcal/day he is unable to maintain normal hydration and nutrition and **is dependent on Parenteral [N]utrition and intravenous hydration 5 times per week**. Parenteral nutrition provides him with protein, carbohydrates, fats, vitamins and minerals which he is incapable of obtaining from his oral diet alone.
>
> He has been dependent on Parenteral Nutrition since 1999, and at this time it is expected he will need Parenteral Nutrition for the rest of his life. . . .
>
> In Summary, [] **Lyons has a chronic disease that only can be treated now with Parenteral Nutrition and he will need to continue this treatment for the rest of his life**. **He needs to continue to have coverage for this therapy**.

R.R. at 9 (emphasis added).

Based on the foregoing, Lyons' medical expenses total, at the **barest minimum**, $2,500.00 a month.[9] Clearly, Lyons verified that he meets and even far

---

[8] TPN is a method of getting nutrition into the body through the veins.

[9] This figure only factors in hydration costs 5 days a week, and not the higher expense of TPN, since it is unclear based on this record how many days Lyons undergoes each therapy. It also

exceeds the monthly spend-down obligation of $1,538.61 necessary for him to qualify for MA.

> Furthermore, Section 181.3 of DHS' Regulations specifies:
>
> (a) The applicant/recipient or a person acting on his behalf is required to report and verify earned and unearned income, allowable deductions, such as work and personal expenses, and medical expenses used in determining eligibility for MA.
>
> (b) Verification for income, expenses and deductions consists of documentation specified by [DHS] which is appropriate for the item being verified and includes, but is not limited to, paystubs, pay envelopes, a statement by the employer or other documentary proof of the business income and work and personal expenses of the applicant/recipient, award letters or copies of benefit checks.
>
> (c) Verification for medical expenses includes, **but is not limited to**, invoices, bills, receipts and statements which identify the type, amount and the date of the medical service.
>
> (d) An applicant/recipient **may not be denied MA** for lack of verification **if he has cooperated in the verification attempt**.

55 Pa. Code § 181.3 (emphasis added). Lyons' testimony together with Dr. Vazquez' letter establish Lyons' attempt to verify his medical expenses for his undisputed serious health problems.[10]

---

does not include Lyons' medical expenses for nurse home visits, catheter drainage, monthly blood work, medications, doctor visits and hospital stays or his health insurance premiums, all of which are necessary for the treatment of his serious medical condition.

[10] Lyons estimates in his brief and the addendum attached thereto that his monthly medical expenses, including frequent hospitalizations for dehydration, total approximately $20,000.00. Lyons' Br. at 15. However, it is well-established that:

> An appellate court is limited to considering only those facts that have been duly certified in the record on appeal. For purposes of appellate review, that which is not part of the certified record does not exist. Documents attached to a brief as an appendix or reproduced record

Importantly, regardless of the fact that Lyons had been receiving his MA benefits for 20 years and has serious health problems which has required extraordinary medical expenses to treat, he was given only approximately 2 weeks' notice that his MA benefits would be discontinued. Moreover, the ALJ acknowledged the severity of Lyons' health condition, including "his need for **the nutrient fusions he receives five days a week**[,]" and the potential consequences if MA benefits are discontinued, and even so, the ALJ and the BHA denied Lyons MA benefits. R.R. at 20 (emphasis added). Because the record evidence clearly demonstrates that Lyons' minimum medical expenses of $2,500.00 a month exceed his $1,538.61 monthly spend-down obligation, we hold that Lyons is eligible for NMP-MA under Section 181.13 of DHS' Regulations. Accordingly, the ALJ erred in determining that Lyons did not qualify for MA benefits.

Based upon the foregoing, the BHA's Final Order is reversed.

_____
ANNE E. COVEY, Judge

---

may not be considered by an appellate court when they are not part of the certified record.

*B.K. v. Dep't of Pub. Welfare,* 36 A.3d 649, 657-58 (Pa. Cmwlth. 2012) (citations omitted) (quoting *Salameh v. Spossey*, 731 A.2d 649, 658 (Pa. Cmwlth. 1999)). Because Lyons' medical estimates in his brief and addendum are not part of the certified record, we cannot consider them.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel E. Lyons,           :
        Petitioner   :
              :
      v.           :
              :
Department of Human Services,   :   No. 1815 C.D. 2015
        Respondent   :

## O R D E R

AND NOW, this 25th day of August, 2016, the Bureau of Hearings and Appeals' August 17, 2015 Final Administrative Action Order is reversed.

_____
ANNE E. COVEY, Judge