Florence Elizabeth Mason,       :
              Petitioner     :
                                 :
          v.                 :
                                 :
Department of Human Services,     :     No. 1767 C.D. 2015
              Respondent     :     Submitted: October 14, 2016

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                FILED: January 12, 2017

Florence Elizabeth Mason (Mason) petitions this Court, pro se, for review of the Department of Human Services (DHS), Bureau of Hearings and Appeals' (BHA) August 7, 2015 Final Administrative Action Order (Final Order) dismissing her appeal. The sole issue before the Court is whether BHA erred in dismissing Mason's appeal.[1] After review, we affirm.

During March 2015, Mason was receiving Temporary Assistance for Needy Families (TANF) Cash Assistance benefits. On March 10, 2015, the Philadelphia County Assistance Office notified Mason that she would no longer be eligible for TANF benefits effective March 30, 2015 because she failed to sign the Agreement of Mutual Responsibility (AMR).[2] On March 16, 2015, Mason filed an appeal. On August 5, 2015, an Administrative Law Judge (ALJ) conducted a

---

[1] Mason's Statement of Questions listed in her brief includes 7 paragraphs. The first three paragraphs appear to present issues with regard to the merits of the case, and the last four paragraphs appear to request sanctions and discipline against DHS for stopping her benefits. *See* Mason Br. at 11-12. However, since Mason is appealing from the order dismissing her appeal, that is the only issue properly before the Court.

[2] Section 125.1(g) of DHS' Regulations provides: "An individual who is required to sign an application for assistance who fails, without good cause, to sign or cooperate in the completion of an AMR is ineligible for cash assistance until the individual completes and signs an application and approved AMR." 55 Pa. Code § 125.1(g).

hearing. Because Mason failed to appear at the hearing, the ALJ dismissed Mason's appeal in accordance with Section 275.4(e)(6)(iii)(A) of DHS' Regulations, 55 Pa. Code § 275.4(e)(6)(iii)(A).[3] By August 7, 2015 Final Order, BHA affirmed the ALJ's dismissal of Mason's appeal. On August 24, 2015, Mason filed an Application/Petition for Reconsideration (Reconsideration Petition). Thereafter, Mason appealed from BHA's Final Order to this Court.[4]

On September 21, 2015, DHS granted Mason's Reconsideration Petition and remanded the appeal to BHA. On October 21, 2015, an ALJ held a hearing. The ALJ dismissed the appeal on the record due to Mason's contemptuous conduct and the abandonment of her appeal. By October 29, 2015 Adjudication, the ALJ dismissed Mason's appeal. By October 30, 2015 Final Administrative Action Order, BHA affirmed the ALJ's decision.

On December 4, 2015, DHS filed a Motion to Dismiss for Mootness (Motion), wherein DHS alleged that because Mason asserted in her Petition for Review that her appeal should not have been dismissed, the fact that she was given a subsequent hearing on the merits, renders her appeal moot. On December 21, 2015, Mason filed an Answer to DHS' Motion. By January 4, 2016 Order, this Court denied DHS' Motion on the grounds that "[DHS'] order granting reconsideration was untimely and, accordingly, a nullity."[5] *Id.*

---

[3] Section 275.4(e)(6)(iii)(A) of DHS' Regulations provides: "If the appellant or his representative fails to appear at the scheduled hearing without good cause as determined by the hearing officer, the appeal will be considered to be abandoned and will be dismissed." 55 Pa. Code § 275.4(e)(6)(iii)(A).

[4] By September 3, 2015 Notice, this Court preserved August 31, 2015 as the date Mason filed her appeal based on "communication [received by the Court] indicating [Claimant's] intention to appeal" from DHS' Final Order. September 3, 2015 Notice at 1.

"Our scope of review in an appeal of an adjudication of [DHS] is limited to determining whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial evidence." *Karpinski v. Dep't of Pub. Welfare*, 13 A.3d 1050, 1052 n.3 (Pa. Cmwlth. 2011).

[5] Section 35.241(e) of the General Rules of Administrative Practice and Procedure provides:

On August 15, 2016, DHS filed a Motion to Remand (Remand Motion), wherein it alleged that since DHS is willing to give Mason another opportunity for a hearing and to issue a decision on the merits that can be appealed, the matter should be remanded to BHA. On August 30, 2016, Mason filed an Answer to DHS's Remand Motion. By August 31, 2016 Memorandum and Order, this Court denied DHS' Remand Motion "in light of [Mason's] strenuous opposition to [it]." *Id.*

Mason's "Summary Argument" (Mason Br. at 22-25) and "Argument" (Mason Br. at 26-30) sections of her brief herein appear to only address the merits of the case. Because Mason failed to present any argument or legal support for the only issue properly before the Court, *i.e.*, whether her appeal was properly dismissed, she has waived the issue. *Commonwealth v. Feineigle,* 690 A.2d 748, 751 n.5 (Pa. Cmwlth. 1997) ("When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof."). Notwithstanding, because Mason failed to appear for her August 5, 2015 hearing without good cause, her appeal was properly dismissed. *See* 55 Pa. Code § 275.4(e)(6)(iii)(A).

For all of the above reasons, the BHA's August 7, 2015 Final Order is affirmed.

---

Under [Pennsylvania Rule of Appellate Procedure (]Pa.R.A.P[.)] [] 1701(b)(3)(ii) (relating to effect of appeal generally), if a party files a timely petition for review of an adjudication or other final order which is a quasijudicial order for purposes of judicial review, the agency may grant an application for rehearing or reconsideration only within the time prescribed by Pa.R.A.P. [] 1512 (relating to time for petitioning for review) for the filing of a petition for review; otherwise the application shall be deemed to have been denied. Under Pa.R.A.P. [] 1512, the time prescribed for the filing of a petition for review is measured from the date of entry of the original adjudication or other final order and not from the date of filing of the application for rehearing or reconsideration.

1 Pa. Code § 35.241(e).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Florence Elizabeth Mason,      :
                 Petitioner      :
                 :
         v.                  :
                 :
Department of Human Services,      :      No. 1767 C.D. 2015
                 Respondent      :

PER CURIAM

## O R D E R

AND NOW, this 12th day of January, 2017, the Department of Human Services, Bureau of Hearings and Appeals' August 7, 2015 Final Administrative Action Order is affirmed.