# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Geneva Johnson, :
                Petitioner :
    :
    v. :
    :
Pennsylvania Department of Human :
Services Bureau of Hearings and :
Appeals, : No. 517 M.D. 2015
                Respondent : Submitted: November 10, 2016


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE DAN PELLEGRINI,  Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                        FILED: March 17, 2017

Geneva Johnson (Johnson) petitions this Court for review of the Pennsylvania Department of Human Services' (Department) Bureau of Hearings and Appeals' (Bureau) September 28, 2015 order denying Johnson's permanent legal custodian (PLC) subsidy. Johnson presents two issues for this Court's review: (1) whether the PLC subsidy extension implemented by the Act of June 30, 2012, P.L. 668, No. 80 (Act 80) applies to a child whose PLC Order is affirmed at a PLC hearing after the child attains 13 years of age; and (2) whether the Department properly terminated Johnson's PLC subsidy for Johnson's niece, Zakiyyah Johnson (Zakiyyah), whose PLC Order was challenged when she was 14 years old and reaffirmed when she was 15 years old, thereby qualifying Johnson for the PLC subsidy extension until Zakiyyah turned 21.

In 2001, the General Assembly created a subsidy program which provides crucial financial support for families willing to become permanent legal

custodians pursuant to Section 6351(f.1)(3) of the Juvenile Act, 42 Pa.C.S. § 6351(f.1)(3). The PLC subsidy is a need-based program which mandates the legal custodian to meet all of the requirements for foster parenthood, submit to an annual eligibility evaluation and have the ability to provide for the child without court supervision.

Johnson is the primary caregiver and permanent legal custodian of Zakiyyah, who is a full-time Pennsylvania State University (PSU) student in State College, Pennsylvania. Johnson has been Zakiyyah's sole caregiver and permanent legal custodian, and has received a PLC subsidy since 2009, when Zakiyyah was 11 years old. The PLC subsidy has been crucial to Johnson's ability to financially provide for Zakiyyah's basic needs, as Johnson uses that money solely for Zakiyyah's books, clothing, food, toiletries and other personal items.

In June 2012, Johnson's sister, Zakiyyah's mother, filed a petition to modify custody, in which she sought full legal and physical custody of then-14-year-old Zakiyyah. In response, new permanency hearings were conducted to determine if Zakiyyah's reunification with her mother was possible. In January 2013, when Zakiyyah was 15 years old, the petition to modify custody was resolved with Johnson retaining custody of Zakiyyah, and her PLC subsidy. Zakiyyah graduated from Multicultural Academy Charter School in Philadelphia on June 12, 2015. Zakiyyah turned 18 years old in August 2015, as she was leaving for PSU to begin her first year of college.

In 2012, Act 80 revised the definition of "child" in what was then called the Public Welfare Code,[1] thereby extending PLC subsidy eligibility for:

[A]n individual who:

---

[1] The Act of June 13, 1967, P.L. 31, No. 21, *as amended,* 62 P.S. §§ 101-1503. Effective December 28, 2015, the Public Welfare Code was renamed the "Human Services Code." 62 P.S. § 101.

(1) is under 18 years of age; or

(2) is under 21 years of age and who attained 13 years of age before the subsidized permanent legal custodianship agreement became effective and who is:

> (i) completing secondary education or an equivalent credential;

> (ii) enrolled in an institution which provides postsecondary or vocational education;

> (iii) participating in a program actively designed to promote or remove barriers to employment;

> (iv) employed for at least 80 hours per month; or

> (v) incapable of doing any of the activities described in subparagraph (i), (ii), (iii) or (iv) due to a medical or behavioral health condition, which is supported by regularly updated information in the permanency plan of the child.

Section 1302 of the Human Services Code, 62 P.S. § 1302.[2]

The Department notified Johnson by July 9, 2015 letter, received on July 17, 2015, that her PLC subsidy would be discontinued on Zakiyyah's 18th birthday in August 2015. On August 11, 2015, Johnson appealed from the Department's July 9, 2015 notice. On August 25, 2015, the Department issued a Rule to Show Cause requesting factual and legal support to continue Johnson's PLC subsidy. On September 16, 2015, Johnson submitted her response to the Rule to Show Cause. On September 28, 2015, the Bureau issued an order denying Johnson's PLC subsidy. On October 28, 2015, Johnson filed her Petition in this Court's original **and** appellate jurisdictions. On November 25, 2015, the Department filed preliminary objections in the nature of a demurrer to Johnson's Petition filed in this Court's original jurisdiction. Johnson opposed the Department's preliminary objections. On May 5, 2016, this Court sustained the Department's preliminary objections and dismissed

---

[2] Added by Section 1 of Act of September 30, 2003, P.L. 169.

3

Johnson's petition for review filed in this Court's original jurisdiction. Before the Court is Johnson's petition for review filed in this Court's appellate jurisdiction.[3]

Johnson first argues that the PLC subsidy extension implemented by Act 80 **should be** applicable to a child whose PLC Order is affirmed through a subsequent PLC hearing after the child attains the age of 13. Johnson further contends that **a fair and just reading** of the definition of "child," as amended by Act 80, supports the above PLC subsidy reinstatement. *See* 62 P.S. § 1302.

Our Supreme Court has held:

> Pursuant to [the Statutory Construction Act of 1972 (Act)[4]], the objective of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. **The best indication of the legislature's intent is the plain language of the statute**. When considering statutory language, '[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage.' [Section] 1903(a) [of the Act, 1 Pa.C.S. § 1903(a)]. Further, **when the words of a statute are clear and unambiguous, there is no need to go beyond the plain meaning of the language of the statute 'under the pretext of pursuing its spirit**.' [Section] 1921(b) [of the Act, 1 Pa.C.S. § 1921(b)]. Thus, only when the words of a statute are ambiguous should a reviewing court seek to ascertain the intent of the General Assembly . . . . Finally, **an administrative agency's interpretation of a governing statute is to be given controlling weight, unless that interpretation is clearly erroneous**.

---

[3] The Department intervened and filed a brief in support of the Bureau. The Support Center for Child Advocates filed an amicus curiae brief in support of Johnson.

"Our scope of review in an appeal of an adjudication of the [Bureau] is limited to determining whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial evidence." *Karpinski v. Dep't of Pub. Welfare*, 13 A.3d 1050, 1052 n.3 (Pa. Cmwlth. 2011).

[4] 1 Pa.C.S. §§ 1501-1991.

*Dep't of Envtl. Prot. v. Cumberland Coal Res., L.P.,* 102 A.3d 962, 975 (Pa. 2014) (citations omitted; emphasis added). Indeed,

> [a]s the agency charged with implementing the [Human Services Code] and performing the duties the [Human Services Code] mandates, [the Department's] interpretation of the [Human Services Code] is afforded great deference. *Caso v. Workers' Comp*[.] *Appeal* [*Bd.*] *(Sch*[.] *Dist*[.] *of Phila*[.]*), . . .* 839 A.2d 219, 221 ([Pa.] 2003). . . . However, such deference is unnecessary in the instant matter because the text of [Section 1302 of the Human Services Code] is not ambiguous.

*D.M. v. Dep't of Pub. Welfare,* 122 A.3d 1151, 1158 (Pa. Cmwlth. 2015).

> Here, Johnson expressly asserts:

> The language and **intent of the PLC** [s]**ubsidy legislation, and its underlying policies**[,] do not limit eligibility to children who experience their first PLC hearing after age thirteen, and, in the circumstances of this case, the legislation also encompasses a child such as Zakiyyah, whose permanency and custody are challenged in a second PLC proceeding after attaining the age of thirteen.

Johnson Br. at 13.

Section 1302(2) of the Human Services Code defines "child," in relevant part, as: "An individual who . . . **is under 21 years of age and who attained 13 years of age before the subsidized permanent legal custodianship agreement became effective** . . . ." 62 P.S. § 1302(2) (emphasis added). There is no language in that statutory definition which includes a challenge to the child's custody after the age of 13. To interpret the statute any other way would clearly "go beyond the plain meaning of the language of the statute 'under the pretext of pursuing its spirit[,]'" which is prohibited "when the words of a statute are clear and unambiguous." *Dep't of Envtl. Prot.,* 102 A.3d at 975.

"Administrative agencies are creatures of the legislature and have only those powers which have been conferred by statute." *W. Pa. Water Co. v. Pa. Pub.*

*Utility Comm'n,* 370 A.2d 337, 339 (Pa. 1977); *see also Harrisburg Taxicab & Baggage Co. v. Pa. Pub. Utility Comm'n,* 786 A.2d 288 (Pa. Cmwlth. 2001). Act 80 is completely void of any language that grants the Department the authority to continue Johnson's PLC subsidy for Zakiyyah. Here, the operable, clear and unambiguous language is "who attained 13 years of age **before the subsidized permanent legal custodianship agreement** became effective." 62 P.S. § 1302(2) (emphasis added). We commend Johnson for the most important role and support she has furnished to Zakiyyah during the past seven years and her desire to continue the same. We do not know the Legislature's reasons for how it wrote Act 80 nor is there "judicial authority to rewrite laws for the purpose of improving them or to restructure them in accordance with what might have been the hopes of nonlegislative advocates." *Allright Auto Parks, Inc. v. Zoning Bd. of Adjustment of City of Phila.,* 529 A.2d 546, 549 (Pa. Cmwlth. 1987). "It is beyond our province to, in essence, rewrite" Act 80. *Commonwealth v. Hopkins,* 117 A.3d 247, 261 (Pa. 2015). Accordingly, the PLC subsidy extension implemented by Act 80 is not applicable to children whose PLC Orders are affirmed at a PLC hearing after the child turns 13.

Johnson next asserts that the Department improperly terminated Johnson's PLC subsidy for Zakiyyah, whose PLC Order was challenged when she was 14 years old and reaffirmed when she was 15 years old, thereby qualifying her for the PLC subsidy extension to age 21. Johnson expressly contends that because "[t]he Domestic Relations Court had full discretion to review and vacate the PLC Order if reunification with her biological mother was determined to be in Zakiyyah's best interest[,]" she qualifies under Act 80's PLC subsidy extension. Johnson Br. at 14.

It is uncontested that Johnson, Zakiyyah's sole caregiver and permanent legal custodian, has received a PLC subsidy since her subsidized permanent legal custodianship agreement became effective in 2009, when Zakiyyah was 11 years old.

6

Even though Johnson's sister, Zakiyyah's mother, filed a petition to modify custody, in which she sought full legal and physical custody of then-14-year-old Zakiyyah, and which resulted in new permanency hearings to determine if Zakiyyah's reunification with her mother was possible, does not change the fact that Johnson continued to be Zakiyyah's sole caretaker and permanent legal custodian and received a PLC subsidy. The petition to modify custody was resolved in January 2013, when Zakiyyah was 15 years old.

Most significantly, Johnson never lost her PLC subsidy throughout the proceedings. Specifically, the court ordered: "PLC remains with [Johnson]. The court grants mothers [sic] request to withdraw custody petition." Reproduced Record at 46. It is not the potential for losing the PLC subsidy that controls. Rather, it is the date upon which the subsidized permanent legal custodianship agreement becomes effective. In this case, because Johnson's subsidized permanent legal custodianship agreement became effective in 2009, before Zakiyyah turned 13, Johnson does not qualify for the extension.

Johnson further maintains:

> [**Johnson's**] **ability to provide for Zakiyyah's basic needs while in college will be severely and significantly compromised without a continuation of the PLC [s]ubsidy**. A single mother, Johnson works full-time to support Zakiyyah and her two other children. Johnson has always depended on the PLC [s]ubsidy to supplement her income to be able to provide Zakiyyah with her basic needs, such as clothes, school supplies and personal items. Under Johnson's care, Zakiyyah graduated high school with honors and is pursuing a Bachelor's Degree at [PSU]. As a full-time student, Zakiyyah's expenses have significantly increased, making continuation of her PLC [s]ubsidy even more critically important. As Johnson explained to DHS in her letter dated September 16, 2015 seeking a subsidy extension, Johnson had to 'work 30-40 hours of overtime in just the past few weeks in order to provide for [Zakiyyah's] essentials at [PSU].' . . . It is clearly in Zakiyyah's best

7

interests for Johnson to continue receiving the PLC [s]ubsidy so that Zakiyyah has the necessities needed to succeed in college and afterward in a career.

**The equities of this case**, and a liberal, correct reading of the statutory provisions at issue, **weigh heavily in favor of continuing Johnson's PLC [s]ubsidy** so that she can provide her niece, Zakiyyah, with the financial support required to furnish Zakiyyah with the best opportunity for her continued future success and the fulfillment of her potential.

Johnson Br. at 15-16 (emphasis added).

While we sympathize with Johnson's plight, we are constrained to comply with the Human Services Code as written. Under the PLC subsidy extension implemented by Act 80, there is no hardship exception or any other provision that would permit continuation of Johnson's PLC subsidy. Accordingly, we must hold that the Department properly terminated Johnson's PLC subsidy for Zakiyyah.

For all of the above reasons, the Bureau's order is affirmed.

_____
ANNE E. COVEY, Judge

Judge Wojcik did not participate in the decision in this case.

8

Geneva Johnson, : 
                        Petitioner : 
                                  :
           v. : 
                                  :
Pennsylvania Department of Human : 
Services Bureau of Hearings and : 
Appeals, :    No. 517 M.D. 2015
                    Respondent :

## O R D E R

AND NOW, this 17th day of March, 2017, the Pennsylvania Department of Human Services' Bureau of Hearings and Appeals' September 28, 2015 order is affirmed.

_____
ANNE E. COVEY, Judge